THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BRANDON BLAKE STEWART, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 3:12-cv-109 (CAR) |
| v. | : | |
| | : | |
| CAPTIAN BURKE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 8] that Plaintiff's claims against Defendants Officer Ecoe and Captain Burke be allowed to go forward but that Defendants Athens-Clarke County Sheriff's Office and Sheriff Ira Edwards be dismissed from this action pursuant to 28 U.S.C. § 1915A.   Plaintiff filed an Objection to the Recommendation [Doc. 12] only objecting to the recommendation of dismissal as to Sheriff Ira Edwards; he did not contest the recommendation of dismissal as to the Athens-Clarke County Sheriff's Office.

In his Complaint, Plaintiff's only allegation against Sheriff Edwards is that Edwards failed to transfer Plaintiff to another facility as Plaintiff requested.  As

1

explained in the Recommendation, Plaintiff has no constitutional right to be transferred from the Athens-Clarke County Jail. Moreover, the Magistrate Judge explained that Sheriff Edwards cannot be held liable on the basis of any of his subordinates' alleged unlawful conduct.

In his Objection, Plaintiff alleges for the first time that he wrote to Sheriff Edwards "about [his] situation in the jail," "told [Sheriff Edwards] about the problem with Captain Burke," and "[e]ven begged and pleaded with him." Plaintiff states Sheriff Edwards would not respond. In *Newsome v. Chatham County Detention Ctr.*, the Eleventh Circuit held that a district court must treat new factual allegations in an objection to a magistrate's judge's recommendation as a motion to amend the complaint to include additional allegations.[1] If the underlying facts or circumstances relied on by the plaintiff may be a proper subject of relief, leave to amend "should be freely given."[2] However, "a district court may properly deny leave to amend under Rule 15(a) is such amendment 'would be futile.'"[3]

The Court hereby construes Plaintiff's Objection as a Motion to Amend Complaint but DENIES the Motion to Amend as futile. Even with these new allegations, Plaintiff has not alleged a colorable claim for supervisory liability against

---

[1] 256 Fed. Appx. 342 at *2 (11th Cir. 2007).
[2] *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004); *see also* Fed. R. Civ. P. 15(a)(2).
[3] *Stringer v. Jackson*, 392 Fed. Appx. 759, 760 (11th Cir. 2010) (quoting *Hall*, 367 F.3d at 1262-63).

2

Sheriff Edwards. A supervisor may only be liable for the unconstitutional acts of their subordinates if he "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."[4] "Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary."[5]  The standard by which a supervisor may be held liable for the actions of subordinates is "extremely rigorous."[6]

      Plaintiff's generalized allegation that he wrote Sheriff Edwards a letter about his "situation" and "problem with Captain Burke" is insufficient to support Edwards' liability as a supervisor.  Moreover, there is no indication Plaintiff wrote or Edwards received any letter prior to the time the "problem" – whatever that may be – arose.  Thus, the allegations are insufficient to establish Edwards had any knowledge his subordinates would act unlawfully.  Plaintiff fails to allege sufficient facts Sheriff Edwards may be held liable for the actions of his subordinates, and therefore he is due to be dismissed from this action.

      In accordance with the foregoing, Plaintiff's Objection [Doc. 12] is **HEREBY**

---

[4] *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).
[5] *King v. Henry*, 2011 WL 5877070 at *10 (N.D. Fla. Sept. 19, 2011).
[6] *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

**CONSTRUED** as a Motion to Amend the Complaint.  The Motion to Amend [Doc. 12], however, is **DENIED as futile**.  The Report and Recommendation [Doc. 8] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Accordingly, Defendants ATHENS-CLARKE COUNTY SHERIFF'S OFFICE and SHERIFF IRA EDWARDS are hereby **DISMISSED** from this action.   Plaintiff's claims against Officer Ecoe and Captain Burke will go forward.

    **SO ORDERED**, this 3rd day of December, 2012.

                        S/ C. Ashley Royal
                        C. ASHLEY ROYAL
                        UNITED STATES DISTRICT JUDGE

SSH