IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BRANDON BLAKE STEWART, | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:12-cv-109 (CAR) |
| CAPTAIN BURKE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Captain Burke and Officer Lecoe. Doc. 18. Because Plaintiff Brandon Blake Stewart failed to exhaust his administrative remedies regarding his claims prior to filing the instant lawsuit, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL HISTORY

On August 15, 2012, Plaintiff Brandon Blake Stewart filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Captain Burke and Officer Lecoe violated his constitutional rights while Plaintiff was incarcerated at the Athens-Clarke County Jail (ACCJ). Doc. 1. Plaintiff's claims stem from and alleged incident where Defendant Burke ordered Defendant Lecoe and other officers to handcuff Plaintiff, beat him, and "bellychain" him to a toilet in a cell. Id. While Plaintiff was chained to the toilet, someone caused the toilet to overflow, and Plaintiff was covered in sewage for approximately thirty minutes. Id. Defendant Burke then allegedly ordered the officers to house Plaintiff naked in a cell for thirteen days. Id. Plaintiff contends that Defendant Burke's orders against Plaintiff were in retaliation for a previous lawsuit filed by Plaintiff. Id.

1

DISCUSSION

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. Plaintiff's conclusory allegations regarding his attempts to file a grievance are insufficient to show that Plaintiff exhausted his administrative remedies regarding his claims. Accordingly, Plaintiff's claims must be dismissed for failing to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA) requires an incarcerated plaintiff to exhaust his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 734 (2001); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Moreover, the exhaustion requirement requires proper exhaustion in compliance with the administrative process, and claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander, 159 F.3d at 1326. In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper, 179 F.3d at 1312.

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is

2

entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Because Plaintiff contends that he attempted to file a grievance regarding his claims, this case must be resolved at the second step of the Turner analysis. In support of the motion to dismiss, Defendants have submitted the affidavit of Tony Goings, who manages the grievance system at the ACCJ, as well as a copy of the ACCJ grievance procedure. Doc. 18. According to the ACCJ grievance procedure, an inmate must attempt to resolve his complaint informally before filing a formal grievance. Id. at 8. If the problem is not resolved informally, the inmate must file a formal grievance within fifteen days with the Classification Unit. Id. at 9. If the inmate is not satisfied with the response to the formal grievance, he must file a first appeal with the Jail Commander. Id. at 15. If the inmate is not satisfied with the response to the first appeal, he must file a final appeal with the Sheriff. Id. at 17. Goings testifies that there is no record of Plaintiff filing any grievances at the ACCJ regarding the incident alleged in the present Complaint, although Plaintiff filed a total of four unrelated grievances at the ACCJ, both before and after the alleged incident. Id. at 4-5, 21-32.

Plaintiff makes various unsupported allegations regarding his attempts to grieve his claims at the ACCJ. Plaintiff first states that he filed a grievance but failed to receive a response. Plaintiff contends that he has a copy of the grievance and that three inmates and an officer witnessed him file the grievance. Plaintiff has failed, however, to provide any names of the

officer or inmates, and Plaintiff has failed to provide the alleged copy of his grievance. The Court finds Plaintiff's unsupported allegations unpersuasive. Additionally, Plaintiff's claims that jail officials regularly fail to respond to grievances is belied by Defendants' evidence showing that officials responded to four different grievances filed by Plaintiff both before and after the alleged incident.

Plaintiff also contends that he attempted to resolve the claim informally through third parties, namely his father, girlfriend, and criminal defense lawyer. Plaintiff cites the ACCJ grievance procedure section stating that an inmate may initiate the grievance process informally through a third party if he considers the complaint sensitive or fears retaliation. The policy directs the inmate to request the third party to contact a staff member regarding the complaint. Plaintiff again fails to present any evidence to support his allegations that he attempted to grieve the issue through a third party. Plaintiff also fails to name any official his family or lawyer contacted at the jail.

Even if Plaintiff initiated the informal grievance process through a third party, there is no evidence that Plaintiff exhausted the formal grievance or appeal process. Plaintiff states that he could not pursue his grievance because he was transferred soon after the date of his alleged incident. Although Plaintiff claims that he was unable to pursue his grievance because he was transferred, he filed two additional grievances at the ACCJ after the alleged incident occurred. As such, Plaintiff's allegations are contradicted by the record. Moreover, Plaintiff filed the instant lawsuit while he was still incarcerated at the ACCJ. Accordingly, any argument that his transfer prevented him from exhausting his administrative remedies is without merit. See Smith v. Terry, 491 Fed. Appx. 81, 82 (11th Cir. 2012) (because a plaintiff must fully exhaust his administrative remedies prior to filing his complaint, a plaintiff's claims that that have not been

exhausted prior to the filing of the complaint must be dismissed even if the plaintiff has since exhausted his administrative remedies).

Plaintiff's allegations suggest that he failed to file a grievance in fear of retaliation by Defendant Burke. An administrative remedy is not considered available for purposes of the PLRA "if prison officials render pursuit of the remedy irrational through serious threats of substantial retaliation." Cole v. Secretary Dept. of Corrections, 451 Fed. Appx. 827, 828 (11th Cir. 2011) (citing Turner, 541 F.3d at 1084-85). To demonstrate that an administrative remedy is unavailable based on a fear of retaliation, however, an inmate must establish (1) that the threat actually deterred him from filing a grievance or pursuing the administrative process, and (2) that the threat is one that would deter a reasonable inmate of ordinary firmness from pursuing the process. Id.; Turner, 541 F.3d at 1085.  Plaintiff's conclusory allegations fail to establish that his administrative remedies were made unavailable to him through a fear of retaliation. Moreover, Plaintiff contradicts this claim by stating that he in fact filed a grievance. Because Plaintiff has failed to show that he exhausted his administrative remedies, Plaintiff's Complaint must be dismissed.

## CONCLUSION

Plaintiff has failed to show that he exhausted his available administrative remedies regarding his claims at the ACCJ. Plaintiff's unsupported allegations regarding his alleged attempts to exhaust his claims are unpersuasive. Plaintiff simply asserts multiple excuses for failing to exhaust his administrative remedies without providing evidentiary support. Because Defendants have established that Plaintiff had available administrative remedies to exhaust his claims at the ACCJ but failed to exhaust those remedies, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**

without prejudice. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 19th day of July, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
